TR. CT. No. 2011-2089-C2A

Sep 12, 2015

83,904-01

Relator Willie Pearson

V

State of Texas

In The 54th Judicial
District of
McLennan County Texas

OBJections To Finding
Conclusions OF LAw

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 22 2015

Abel Acosta, Clerk

Relator Herein Called Pearson Objects to
Finding of Facts and Conclusions of Law
on All And Any Issue to Be Resolved In
Findings of Facts And Conclusions of Law
and Counsel Melanie Walkers Affidavit.

Appluant alleges that Melanie Walkers Representation
was Ineffective and Pearson Alleges Ineffective
Assistance of Counsel Herein Referred To As,
"I. A.C." on All Issues In Her Affidavit

Relator Reserves the Right to Incorporate all Facts
And Laws In these written objections
In Any And all Future Litigation whether State
or Federal Because It has Been Properly Presented
to the States Highest Court

P1

# Erroneous Findings And Conclusions

1. Melanie Walker Pearsons Trial Counsel filed An Affidavit on August 18 2015 In which Pearson Alleges she misled misguided and attempted to deceive the Court And Pearson

2. Pearson Objects to Affidavit As Being incorrect untrue and Not Worthy of belief

3. Relator Rebuts claims In Findings that Counsel Provided effective Assistance And Courts Assumption that He was Aware of the Nature of charges And worked with counsel In His Defense Relator Alleges He was Incompetent to Stand Trial And Trial Court And Counsel Erred due to failure to Provide A Competency Hearing or to Present a defense concerning His well documented mental Health History. Relator Incorporates all Laws And Arguments In His memorandum of Law In this ground to Support His Argument of I.A.C.

4. Relator Rebuts Finding that No valid Legal claim for severance Existed, Applicant Incorporates All Laws And Arguments found In his memorandum of Law to Support His objections.

P2

5. Pearson objects to findings stating that counsels decision not to subpoena his witness was reasonable trial strategy. Counsel displayed I.A.C. by not presenting an adequate defense by failing to subpoena his only witness who could of provided character testimony in guilt phase or mitigating evidence in sentencing phase. Pearson incorporates all arguments and laws found in his memorandum in support of affidavit to object to findings. Pearson's sister is now deceased and relater alleges that her death is directly related to his unconstitutional confinement. Melanie Walker misguided and misdirected Pearson witness_ and counsel misleading statements and outright perjury stating that Sylvia Pearson opted not to come to court however she did come to court see Vol 4 P212 & Vol 4 P164 Counsels statements is in direct conflict with Investigators report which states that Sylvia Pearson did want to testify. The very fact that she came to court demonstrates the untruth in Walkers affidavit which was sworn to. Record does not display any evidence that she chose not to testify. She even asked permission to touch her brother Vol 4 P214 Ln 16

6. Relator objects to findings that presentation of undisclosed witness was sound trial tactics and did not work as a surprise. Applicant incorporates all arguments and laws found in his memorandum of support to rebut states finding.

7. Applicant objects to findings that the indictment was not facially defective and his double jeopardy argument lacked ~~total~~ merit. And incorporates all laws and arguments found in his memorandum to support his objections and rebuttals, and continue

8. Contend that the judgment was void and his one criminal episode convictions. Trial counsels affidavit does not mention double jeopardy or defective indictment as stated in findings which is more proof that findings are flawed.

8. Relator objects to findings that no blacks on the jury does not demonstrate any improprieties in the jury selection process excluding blacks from being on the jury. Applicant contends that racial prejudice actual escalated to racial hatred as seen in the outrageous 37 years that jury rendered. A huge disparity in sentence. Applicant incorporates this argument in his written objections to states answer found on pg 5 see exhibits this could be an 8th amendment violation

P4

9. Relator objects to Counsel finding concerning discovery and contends that I.A.C. was evident in this ground and firmly remains with his argument that he was "never shown" one piece of discovery evidence such as interview sheet of his sister. His mental illness files was never showed to applicant - So how could he have active in his defense as state continues to state.? If anything discovery was hidden to keep Pearson blind to a meaningful defense and Pearson never saw any discovery material until MAY 24 2015. Thus the signed agreement was meaningless and states that counsel was creating her defense against futuristic I.A.C. claims. Pearson incorporates all arguments and laws found in his memorandum of support and was prejudiced by counsels actions and omissions.

10. Pearson disagrees with findings concerning an examing trial and findings that he had no legal basis showing entitlement. Pearson incorporates all law and arguments in his memorandum of support to rebut and objects to states findings and state cited no law or statue to support her position

11. Relator strongly disagrees with findings that he was in control of mental faculties during Police Interview. Who made that determination and How "Without" a competency Hearing And He objects to findings that No Undue Influence was used by State Agents I.E. Policemen to coerce or Procure His statements And objects to Trial Counsel concurring with Findings because that Counsel stated in Her Affidavit that the Interview was helpful to His defense How so? The Recording devastated Pearson And was used to Establish Probable Cause to Arrest Prosecute and Ultimately used to Sentence Pearson in A cruel And Unusual manner Violating the 8th Amendments Prohibited Against cruel And Unusual Punishment Ending in Pearsons Receiving 537 Years Stacked!!! And Pearson Uses all Arguments And Laws Found In His memorandum of Support to Rebut States Findings

12. Relator Objects to States Findings concerning His Right to Confront And Objects to States Finding of No legal Basis For His Argument. Pearson Objects to Findings In this Instance And Incorporates All Laws And Arguments Found In His memorandum to Support His Legal Allegations

P6

13. Pearson objects to finding that a continual line of prejudical questioning presents no cognizable claim for relief because the argument was counsels failure to object. Thus the crux of the complaint was counsels failure to object and did not object when Pearson was referred to as perpetrator and counsel did not address the issue of plain error that was raised in that particular ground. And alleges that counsel attempts to deceive mislead and misguide in her affidavit by stating she made objections when needed during the trial. Pearson incorporates all laws and arguments found in memorandum to support his objections in findings and conclusions.

14. Pearson objects to finding that failure to present mitigating evidence was reasonable trial strategy. There can be no trial strategy when mitigating circumstances exist and counsel doesn't use them. Counsel does not have to wait for a defendant to speak to formulate a defence. The IAC was heightened in that counsel was aware of Pearsons long term mental health issues. The mitigating evidence that his stepfather was an alcoholic and physically and sexually abusive

See EXHIBITS A B C In memoRANDUM of Support

See WIGGINS V STATE 539 U.S. 510 Supreme Court 2003 at 535   Notwithstanding the FAct that He WAS Incompetent to Stand trial. Relator alleges that the determination of SANity Appears to Have Been Made on the BAsis of what Counselor thought. Who is Not A MENtal HEAlth Expert. Failure to mitigate Resulted In AN unfair trial. Pearson's defense Suffered.

The State HAD nothing to offset A properly Submitted NArrative. The Evidence of Pearsons MENtal HEAlth Issues Were Relevant And material Because of the Belief long Held By this Society than defendants Who commit chimiwal Acts that Are atribuTABle to A disADvantaGed BACKGround mAy be less culpAble than defendants WHo HAve No Such Excuse
Lockett V Ohio 438 Us 586 604 (1978)
Eddings V Oklahoma 455 Us 104 112 (1982)
Due to the NAture of the Abuse there is A reasonable probability that A compErent Attorney Aware of this History would of Introduced in An Sentencing In An AdmissAble ~~Far~~ ~~Retrial~~ form Regardless of Pearson choice to testify or Not testify. But for Counselors Errors the Result could of Been Different
Strickland V wAsHington 466 U.s. a 692

CF Burger V Kemp 483 V.S. 776 1987

Darden V Wainwright

Relator Alleges, in this instance had the Jury Been confronted with this considerable evidence there is a reasonable probability that it would have returned with a different result. Notwithstanding the fact that counselors failure to enter mitigating conditions and circumstances that she was aware violated due Process because is denied Relator the opportunity to present a defense. Crane V Kentucky 476 U.S. 640 106 S CT 2142 1984

Relator Also Ask the Question How Could He intelligently testify when He Has Never Seen discovery? Which left him totally Blind As to A defense.

Failure to utilize mitigating Evidence creates A reasonable probability that the Jury Verdict would of Been Different.

Kotteakos Held that is there is A substantial And Injurious Affect or Influence on the Jury Verdict Then Habeas Relief is Warranted Kotteakos V. United States 66 S CT 1239

Relator Applies Kotteakos to his cause, and Alleges that counselors failure to Raise mitigating did have A substanial And Injurious or Influence on the Jury Verdict Relief is Warranted

P9

15. Pearson objects to findings that trial counsel performance was at all times sufficient and fell within the standard of prevailing norms so as to afford applicant effective assistance of counsel as guaranteed by the 6th Amendment counsel provided IAC in all designated issues In these written objections and incorporate laws & arguments found in memorandum

16. Pearson objects to findings i.e. There has been no showing that applicant trial counsel rendered inadequate assistance in her representation of applicant nor any showing that trial counsels significant decisions were the result of anything other than the exercise of reasonable professional judgment Pearson strongly alleges that counsels significant decisions were disastrous to his defense and incorporates all laws and arguments found in his memorandum of law to to rebut findings and conclusions.

17. Pearson objects to findings that trial counsel performance fell within the range of reasonable and professional assistance because it did not and Pearson incorporates all laws and arguments found in memorandum to rebut state findings

18. Pearson objects to finding that state says there are no other issues material to applicant claims which need to be addressed

19. Pearson alleges that Facts and Conclusion Failed to Adequately Expound on his Grounds #9 Found In Memorandum of Law I.E. Counsel Violated his 6th Amendment Right to Counsel By Failing to File A motion to Suppress which was Vital to his Defense And could have attempted to Suppress witness statement due to Fact that So called victim was mentally Ill - Counsel Could of Moved to Suppress Recording taken By Police As Being illegal while no motion to Suppress is Filed there exist no Trial Strategy and Counsels Performance was deficient And But for Counsels Failure to Suppress the result of the Proceeding could of Been different

<u>Evidentiary Hearing Needed</u>

Pearson alleges that in All Aforementioned Instances Counsels Performance was deficient causing An unfair Trial with no Reliable Result And was So serious that It undermined confidence In the outcome And there is A Reasonable Probability that But for Counsels deficient Performance the Result of the Trial would of Been different Thus An Evidentiary hearing is needed.

P11

Relator objects to Recommendation of The Trial Court that He Be denied Relief And Petitions The Honorable Texas Court of Appeals to Grant Relief In this Habeas Corpus Process

## PRAYER

REALATOR Prays that His objections Be Considered By the Court And Prays that Writ of Habeas Corpus Be Granted and that Reversal and Remand Be ordered Resulting in A New Trial And Prays that Recommendation of Trial Court Be denied In the Interest of Justice

Willie Pearson #1853800

Unsworn Declaration
I Hereby declare under Penalty of Perjury that all Statements Are true And correct see 28 USC 1746 And TCPRC 133.01 132.003
Executed on this 12th day of September 2015

Willie Pearson

Certificate of Service: I certify that a true And correct copy of the Above was mailed via 1st class PrePaid Postage To McLennan County Clerk 501 Washington Ave Waco Tex on the 12th day of September 2015  CC Court of Criminal Appeals
CC U.S. District Court Western District Waco Texas

Willie Pearson #1853800

Alfred Unit
2101 FM 369 N
Iowa Park Tx
76367

PR

CAuse No. 2011- 2089 - C2A

Court of Criminal Appeals

Court Copy

Dear Clerk Enclosed will Be my Objections And Rebuttal To Findings of Fact And Conclusion of Law to the Response of the 54th Judicial District of McLennan County. Please Return this Notice with my new Writ Number I Have Enclosed A Self Addressed Stamped Envelope And Provided A Replica Copy for your Convience

Trial Court 54th District Caused over A 60 day delay In Submitting Findings of Facts & Conclusion of Law

Respectfully Submitted

_Willie Pearson_

TDC# 1853800
Allred Unit
2101 Fm 369 Nrth
Iowa Park Tex 76367

## Certificate of Service

I Hereby Certify that A True And Correct copy of the Above was mailed via 1st class Prepaid Postage to the Court of Criminal Appeals at P.O. Box 12308 Capitol Station Austin Texas 78711 on the 12th day of September 2015

_Willie Pearson_